UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>  v.<br><br>IDT CORPORATION,<br><br>                    Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff U.S. Specialty Insurance Company ("U.S. Specialty"), by and through its undersigned attorneys, as and for their Complaint for Declaratory Judgment against IDT Corporation ("IDT") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment arising out of an actual and existing controversy of a justiciable nature concerning the parties' rights, obligations, duties and liabilities in connection with a consolidated action captioned *In re Straight Path Communications Inc. Stockholder Litigation*, Case No. 2017-0486, Chancery Court of Delaware (the "Straight Path Stockholder Litigation") and two demands by IDT stockholders to inspect IDT's books and records pursuant to a Delaware statute (the "Books & Records Demands") (collectively, the "Underlying Matters").

2. U.S. Specialty is entitled to a declaration that there is no coverage available under a policy of insurance issued by U.S. Specialty for any aspect of the Underlying Matters asserted against IDT and/or Howard Jonas – the Chairman of IDT's Board of Directors and the controlling stockholder of IDT and Straight Path Communications Inc. ("Straight Path"), a

former subsidiary of IDT that was spun off as a standalone company – based upon the terms, conditions and exclusions contained in that policy.

## THE PARTIES

3. Plaintiff U.S. Specialty is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas.

4. Upon information and belief, defendant IDT is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

## JURISDICTION

5. U.S. Specialty files this action in the United States District Court for the District of New Jersey on the basis of diversity of citizenship.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between U.S. Specialty and IDT, and the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, there is an actual controversy between the parties.

## THE INSURANCE POLICY

7. U.S. Specialty issued Directors, Officers and Corporate Liability Insurance Policy No. 24-MGU-16-A37853 ("Policy") to IDT for the Policy Period from June 6, 2016 to June 6, 2017. The Policy is attached hereto as Exhibit A.

8. As relevant here, and subject to its terms, conditions, exclusions and endorsements, the Policy generally provides coverage under three Insuring Agreements.

9. Insuring Agreement (B)(1) states that U.S. Specialty will pay to or on behalf of the Company Loss arising from Claims first made during the Policy period against the Insured

Persons for Wrongful Acts, if the Company has paid such Loss to or on behalf of the Insured Persons as indemnification or advancement.

10. Insuring Agreement (B)(2) states that U.S. Specialty will pay to or on behalf of the Company Loss arising from Securities Claims made during the Policy Period against the Company for Wrongful Acts.

11. The Derivative Demand Investigation Costs Insuring Agreement, set forth in Endorsement No. 30 to the Policy, states that U.S. Specialty will pay, to or on behalf of the Company, Investigation Costs arising from Derivative Demands first received by the Company and reported in writing to the Insurer during the Policy Period.

12. Definition (F) of the Policy defines Insured Persons to include any past, present or future director or officer of the Company. This includes IDT's current Chairman, Howard Jonas.

13. Definition (C) of the Policy, as amended, defines Company to include the Named Corporation, which is identified in the Policy's Declarations as IDT.

14. As relevant here, and with respect to Insured Persons like Howard Jonas, Definition (P) of the Policy, as amended by Endorsement No. 6, defines Wrongful Acts to mean any actual or alleged act, error, misstatement, misleading statement, neglect, omission or breach of duty by an Insured Person in his or her capacity as such or while acting as a Controlling Person, where Controlling Person means any natural person who controls the Company within the meaning of federal or state securities laws or regulations, or any common law.

15. With respect to the Company IDT, Definition (P) of the Policy defines Wrongful Acts to mean any actual or alleged act, error, misstatement, misleading statement, neglect, omission or breach of duty with respect to Securities Claims.

16. Definition (B) of the Policy, as amended, defines Claim to include a civil proceeding commenced by a complaint or similar pleading.

17. Definition (N) of the Policy defines Securities Claim to mean a Claim which is brought by or on behalf of one or more securities holders of the Company in their capacity as such, or a Claim that arises from the purchase or sale of, or offer to purchase or sell, any securities issued by the Company, whether such purchase, sale or offer involves a transaction with the Company or occurs in the open market.

18. Endorsement No. 30 of the Policy defines Derivative Demand to mean a written demand by one or more shareholders of the Company made upon its Board of Directors to bring a civil proceeding in a court of law against the Insured Person for a Wrongful Act.

## THE UNDERLYING MATTERS

19. Defendant IDT seeks coverage under the Policy for amounts that it has incurred on behalf of itself and Howard Jonas in connection with the Underlying Matters. Copies of the operative complaint in the Straight Path Stockholder Litigation and the two Books & Records Demands are attached hereto as Exhibits B, C and D, respectively.

**A. The Straight Path Stockholder Litigation**

20. The Straight Path Stockholder Litigation concerns the spin-off of Straight Path from IDT; a subsequent consent decree between Straight Path and the Federal Communications Commission ("FCC") requiring Straight Path to forfeit wireless licenses, pay a fine, sell itself to a third party and pay a portion of the sale proceeds to the FCC (the "Consent Decree"); and alleged efforts by Howard Jonas, The Patrick Henry Trust (holder of Howard Jonas's stock in Straight Path), Davidi Jonas (CEO and director of Straight Path, and Howard Jonas's son) and IDT to prevent Straight Path's other stockholders from pursuing indemnification from IDT for

the Consent Decree (the "Indemnification Claim").  The Litigation is brought by and on behalf of a purported class of other Straight Path stockholders or, in the alternative, on behalf of Straight Path.

21.     The plaintiffs in the Straight Path Stockholder Litigation allege that Howard Jonas hijacked Straight Path's auction process, declaring that as controlling stockholder of Straight Path, he would block any transaction allowing the Indemnification Claim against IDT to be pursued post-closing.  In this regard, Howard Jonas allegedly insisted that Straight Path execute a term sheet with IDT (the "Term Sheet") settling and releasing any indemnification claims it may have against IDT relating to any FCC investigation or consent decree, and selling certain patents (the "IP Assets") to IDT.  The plaintiffs allege that the Term Sheet provided Straight Path stockholders with shockingly low consideration compared to the value of the assets that IDT was acquiring.

22.     The plaintiffs further allege that a Special Committee formed by Straight Path's Board of Directors decided to preserve the Indemnification Claim for the benefit of Straight Path's stockholders, that Davidi Jonas learned of this decision and informed Howard Jonas, that Howard Jonas threatened the members of the Special Committee that he would withhold his consent from any deal allowing Straight Path to pursue the Indemnification Claim post-closing, and that the Special Committee members had no choice but to acquiesce if they wanted Straight Path stockholders to receive any consideration for their stock.

23.     The plaintiffs assert causes of action against Howard Jonas and The Patrick Henry Trust for breach of fiduciary duty in their capacity as controlling stockholders of Straight Path; against Davidi Jonas for breach of fiduciary duty as the CEO and director of Straight Path; and against IDT for aiding and abetting these alleged breaches of fiduciary duty.  In the alternative,

the plaintiffs seek derivatively on behalf of Straight Path a declaration that Howard Jonas and Davidi Jonas breached their fiduciary duties by entering into the Term Sheet; a declaration that the Term Sheet is invalid; and the imposition of a constructive trust covering the Indemnification Claim and the IP Assets.

24. Upon information and belief, IDT is paying amounts incurred by Howard Jonas in connection with the Straight Path Stockholder Litigation as indemnification or advancement.

### B. The Books & Records Demands

25. The two Books & Records Demands are dated July 28, 2017 and August 1, 2017. IDT submitted them to U.S. Specialty for coverage under the Policy on July 31, 2017 and August 7, 2017, respectively.

26. The Books & Records Demands are substantially similar to each other. In both Demands, the IDT stockholders demand the opportunity to inspect certain IDT books and records for the purpose of investigating potential breaches of fiduciary duty by IDT's Board of Directors and Howard Jonas in connection with the Term Sheet and the Board's approval of the sale of the IP Assets to Howard Jonas. In this regard, the stockholders contend that the terms of the sale appear to be unfair in light of the fact that the Consent Decree ascribes a higher value to the IP Assets than the amount that IDT received.

# COUNT I
# DECLARATORY JUDGMENT
### (The Straight Path Stockholder Litigation Is Not a Claim for Wrongful Acts against Howard Jonas)

27. Plaintiff U.S. Specialty re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 26 as if fully set forth herein.

28. There exists a genuine and bona fide dispute, and an actual controversy and disagreement between U.S. Specialty and IDT about whether the Straight Path Stockholder Litigation constitutes a Claim for Wrongful Acts against Howard Jonas for purposes of triggering coverage under Insuring Agreement (B)(1) of the Policy.

29. The plaintiffs in the Straight Path Stockholder Litigation have sued Howard Jonas for breach of his fiduciary duties as the controlling stockholder of Straight Path, an entity that is not insured under the Policy. They have not sued him for any actual or alleged act, error, misstatement, misleading statement, neglect, omission or breach of duty in his capacity as IDT's Chairman or while acting as a Controlling Person of IDT. Accordingly, the plaintiffs have not alleged any Wrongful Acts under Definition (P), amended by Endorsement No. 6.

30. Based on Definition (P), amended by Endorsement No. 6, and Insuring Agreement (B)(1), as applied to the Straight Path Stockholder Litigation, U.S. Specialty is entitled to a declaration that it has no duty to pay any defense costs, judgment or settlement incurred by Howard Jonas in the Straight Path Stockholder Litigation.

**COUNT II**
**DECLARATORY JUDGMENT**
**(The Straight Path Stockholder Litigation is Not a**
**Securities Claim for Wrongful Acts against IDT)**

31. Plaintiff U.S. Specialty re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 26 as if fully set forth herein.

32. There exists a genuine and bona fide dispute, and an actual controversy and disagreement between U.S. Specialty and IDT about whether the Straight Path Stockholder Litigation constitutes a Securities Claim for Wrongful Acts against IDT for purposes of triggering coverage under Insuring Agreement (B)(2) of the Policy.

33. The plaintiffs in the Straight Path Stockholder Litigation have sued IDT for aiding and abetting breaches of fiduciary duty by Davidi Jonas and Howard Jonas in connection with the Term Sheet, allegedly causing them to receive unfair consideration for their Straight Path stock. The plaintiffs are not suing as stockholders of IDT. Moreover, their allegations do not arise from the purchase or sale of, or offer to purchase or sell, any securities issued by IDT. Accordingly, the Straight Path Stockholder Litigation does not constitute a Securities Claim under Definition (N), and does not allege Wrongful Acts under Definition (P), amended by Endorsement No. 6.

34. Based on Definition (N), Definition (P), amended by Endorsement No. 6, and Insuring Agreement (B)(2), as applied to the Straight Path Stockholder Litigation, U.S. Specialty is entitled to a declaration that it has no duty to pay any defense costs, judgment or settlement incurred by IDT in the Straight Path Stockholder Litigation.

**COUNT III**
**DECLARATORY JUDGMENT**
**(The Books & Records Demands Are Not Derivative Demands**
**First Received and Reported During the Policy Period)**

35. Plaintiff U.S. Specialty re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 26 as if fully set forth herein.

36. There exists a genuine and bona fide dispute, and an actual controversy and disagreement between U.S. Specialty and IDT about whether the Books & Records Demands constitute Derivative Demands first received by IDT and reported in writing to U.S. Specialty during the Policy Period for purposes of triggering coverage under Endorsement No. 30 of the Policy.

37. The Books & Records Demands request an opportunity to inspect certain IDT books and records. They do not demand that that the IDT Board of Directors bring a civil proceeding against an Insured Person for a Wrongful Act. Instead, they state that the purpose of the inspection is to investigate potential breaches of fiduciary duty. Accordingly, the Books & Records Demands do not constitute Derivative Demands under Endorsement No. 30.

38. IDT received the Books & Records Demands and reported them in writing to U.S. Specialty after the expiration of the Policy Period. Accordingly, even if the Books & Records Demands constituted Derivative Demands under Endorsement No. 30, which they do not, they would not trigger coverage under the Derivative Demand Investigation Costs Insuring Agreement set forth in Endorsement No. 30.

39. Based on Endorsement No. 30 as applied to the Books & Records Demands, U.S. Specialty is entitled to a declaration that it has no duty to pay any costs incurred by IDT in connection with the Books & Records Demands.

**WHEREFORE**, U.S. Specialty requests that this Court enter a declaration and final judgment in its favor against IDT, and asks this Court to:

(A)     Determine, decide and declare the rights and liabilities of the parties hereto with respect to the Policy;

(B)     Determine, decide and declare that there is no coverage under the Policy for the Underlying Matters; and

(C)     Award U.S. Specialty costs and such other and further relief which this Court deems just and proper.

Dated: February 23, 2018

**CLYDE & CO US LLP**

By:     s/ Marianne May
Marianne May (NJ Attorney ID No. 4703-1997)
200 Campus Drive, Suite 300
Newark, NJ 07932
(973) 210-6700

*Attorneys for Plaintiff*
*U.S. Specialty Insurance Company*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I certify under penalty of perjury that the matter in controversy alleged in the foregoing Complaint is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

Dated: February 23, 2018

> By: s/Marianne May
> Marianne May (NJ Attorney ID No. 4703-1997)
> 200 Campus Drive, Suite 300
> Newark, NJ 07932
> (973) 210-6700
>
> *Attorneys for Plaintiff*
> *U.S. Specialty Insurance Company*